# CHARLESTON.

D. W. WATKINS *et al. v.* FANNIE WATKINS *et· al.*

(C. C. 363.)

Submitted September 8, 1925.    Decided September 15, 1925.

JUDGMENT—*Decree Pro Confesso, Based On New Process Issued and Returned Executed on Defendant, After Failure Within Statutory Time to File Bill Pursuant to First Process · Executed, Will Not Be Disturbed on Bill of Review, for Manner of Instituting and Prosecuting Suit.*

Where plaintiff fails within the time allowed by statute to file his bill pursuant to process executed on defendant, but later files his bill and matures his suit on new process subsequently issued and returned executed on the same defendant, and defendant fails to appear and a decree *pro confesso* is taken against him, such decree will not be disturbed on a bill of review, based on the manner in which such suit was instituted and prosecuted.

(Process, 32 Cyc. p. 444)

(NOTE: Parenthetical references by Editors, C. J.—Cyc.    Not part of syllabi.)

Case certified from Circuit Court, Wetzel County.

Bill of review by D. W. Watkins and others against Fannie Watkins and others. After judgment sustaining defendants' demurrer, the trial court certified questions.

*Affirmed.*

*G. D. Smith,* for plaintiffs.

*T. M. McIntire,* for defendants.

MILLER, JUDGE:

The circuit court sustained defendant's demurrer to plaintiffs' bill of review and has certified to this court the questions arising on the correctness of its ruling.

By their bill the plaintiffs herein allege that the defendant, Fannie Watkins, on October 13, 1922, brought suit against them and her husband, Leslie Watkins, by service of process on them as of that date; that they appeared at November rules but were informed that no bill had been filed pursuant to such process; that nothing was thereafter done in the cause, and that they were lulled into a state of false security and

expected nothing of said suit; that on November 12, 1923, they were served with a second process returnable to December rules, to which they made no appearance, because they knew in their hearts that the said Fannie Watkins had no cause of action against them and had no right to implead them or bring them into court, and that they supposed and were led to believe from information derived from reputable people that the suit was one between Fannie Watkins and her husband, their son; and that they knew nothing about any proceedings in the cause until after a final decree was rendered against them on February 12, 1924.

It appears that the original suit was for specific performance of an alleged oral contract by plaintiffs herein to convey to Fannie Watkins a lot or parcel of land. Leslie Watkins, at the time a non-resident, was not served with process, and made no appearance to the suit; and there was no decree against him. And it does not appear that he was a necessary party to the cause, though named as defendant in the original bill.

Plaintiffs allege that, after they learned of the decree against them, they gave notice to the plaintiff in the original suit that, on June 9, 1924, they would move the circuit court to set aside the decree of February 12th, in pursuance of which notice they appeared and moved the court to annul and vacate said decree, assigning seven different causes or reasons in support of said motion, which motion was overruled, by an order of June 28, 1924.

Plaintiffs now charge that the "said decree of February 12, 1924, was procured by fraud, covin and stealth, and was based upon process issued and bill filed, which was done in a very peculiar manner, and these plaintiffs aver and charge the fact to be that they were deceived, misled, and were taken wholly by surprise when they learned after the 12th of February, 1924, and the adjournment of the February Term 1924 of your Honor's said court had taken place, of such decree having been entered."

Thus, it appears from the allegations of the bill of review that the main ground of relief relied on by plaintiffs was their excuse for not appearing to defend the suit against them; that, because the plaintiff therein failed to file her bill at rules following service of process on them, or until the time fixed by

statute in which she could have filed such bill had expired, they might reasonably believe no bill would be filed at rules following the second service of process on them, especially in view of the fact, as alleged, that they were led to believe from information derived from reputable people that the suit was one between Fannie Watkins and her husband.

No facts constituting fraud are specified. There is only the allegation that process was issued and bill filed in a peculiar manner, by which plaintiffs were misled and deceived and taken wholly by surprise by the decree entered. We find nothing in the record to support the charge of fraud. Every step taken in the cause was in accordance with the established procedure in this state. Plaintiffs admit that they were served with process; and the fact that plaintiff in the specific performance suit did not file a bill pursuant to her first process, can not possibly relieve the defendants therein from appearing to the second suit. In fact, there is nothing in the record to show that the second suit was instituted with the same object or for the same relief contemplated in the first. The plaintiffs in the present bill of review were simply negligent in not appearing to or making defense to the suit of Fannie Watkins. The manner in which the proceedings were had or what they may have understood from others, not named, do not constitute fraud or any other good reason for setting aside the decree of February 12, 1924. They do not allege from whom or in what manner the information was obtained that, as they allege, led them to believe the suit was between Fannie Watkins and her husband.

Much stress is placed on the fact that the bill filed at December rules, 1923, appears to have been sworn to on August 18, 1923, before the second process was issued. But the bill shows the following endorsement by the clerk of the court: "December Rules 1923. Summons returned executed as to all defendants except Leslie Watkins." It is immaterial when the bill was prepared and sworn to, since it was filed on the proper rule day, following the return of process executed.

It is contended that as the order of June 28, 1924, refusing to set aside the decree of February 12th as to plaintiffs herein, on their motion of June 9th, did vacate and set aside such

decree as to Leslie Watkins, the effect of that order was to set aside said decree as to all the defendants therein. Leslie Watkins was not served with process, and there was no decree against him in the original suit; and the bill did not pray for relief against him, though he was named as a party defendant. Since there was no decree against him, the order of June 28th could not possibly affect the rights of the other defendants therein. We see no merit in this proposition.

The ruling of the circuit court will be affirmed.

*Affirmed.*